IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:22-CR-00044-JDK |
| v. | § |
| | § |
| | § |
| GLOVER CHARLES MATHIS, | § |
| | § |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On October 7, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Glover Charles Mathis. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Intent to Distribute Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline, range based on total offense level of 27 and criminal history category of V, was 120 to 150 months. On May 14, 2015, District Judge Susan P. Watters of the Billings Division, District of Montana sentenced Defendant to 92 months imprisonment followed by 5 years of supervised release, subject to the standard conditions of release, plus special conditions to include drug after-care, mental health treatment, alcohol restrictions, search conditions, and a $100 special assessment fee. On October 1, 2021, Defendant completed his term of imprisonment and began his term of supervision. On March 28, 2022, jurisdiction of this case was transferred to this District.

1

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release by driving while intoxicated/open alcoholic container, a Class B misdemeanor.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by driving while intoxicated/open alcoholic container, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade C violation is 7 to 13 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of seven months, which includes 24 days of unserved residential reentry center time, with twelve months of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Glover Charles Mathis's plea of true be accepted and that he be sentenced to seven months, which includes 24 days of unserved residential reentry center time, with twelve months of supervised release to follow. The court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas or FCI Texarkana, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 11th day of October, 2022.**

                                          JOHN D. LOVE
                                UNITED STATES MAGISTRATE JUDGE