IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § § § § § § § §<br>v.<br>GLOVER CHARLES MATHIS, | CASE NO. 6:22-CR-00044-JDK-2 |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On December 10, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Glover Charles Mathis. The government was represented by James Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with the Intent to Distribute Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of V, was 120 to 150 months. On May 15, 2015, U.S. District Judge Susan P. Watters of the District of Montana, pursuant to the government's request for a downward departure that was accepted by the court, sentenced Defendant to 92 months imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, mental health treatment, alcohol restrictions, search conditions, and a $100 special assessment. On October 1, 2021, Defendant completed his period of imprisonment and began service of the supervision term in the District of Montana, Billings Division. On March

28, 2022, jurisdiction over Defendant's case was transferred to the Eastern District of Texas, and Defendant's case was reassigned to U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas, Tyler Division.

On October 7, 2022, Defendant's initial term of supervision was revoked after he violated his conditions of supervision by committing a new offense: Driving While Intoxicated with an Open Alcoholic Container, a Class B misdemeanor. Defendant was sentenced to 7 months imprisonment, to include 24 days of unserved community confinement time, followed by a 1-year term of supervised release. On May 2, 2023, Defendant completed his term of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of controlled substances. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about November 6, 2023, when Defendant admitted to his probation officer that he had used cocaine and would have a positive drug test if tested. Defendant subsequently signed an admittance form stating he had used cocaine prior to meeting with his probation officer.

The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing cocaine, as evidenced by Defendant's admission, Defendant will be in violation of Texas Health and Safety Code § 481.115 and will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of V, the guideline imprisonment range for a Grade B violation is 18 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from unlawfully using controlled substances asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 18 months with no period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted and that he be imprisoned for 18 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Lompoc, CA, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 11th day of December, 2025.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE